UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEITH IRWIN, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-02301-JMS-MJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Defendant.* | ) | |

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

After Plaintiff Keith Irwin was convicted of being a felon in possession of a firearm, the Defendant United States of America ("the Government") destroyed property that was used as evidence against him in the criminal proceedings. Mr. Irwin maintains that the Government wrongly, and without notice, destroyed non-contraband property, including his collectible firearms. He filed a motion to return his property in his criminal case under Federal Rule of Criminal Procedure 41(g), and this civil case was opened based on the motion. The Government has filed a Motion for Summary Judgment, which is ripe for the Court's consideration. [Filing No. 71.]

## I.
### STANDARD OF REVIEW

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment

1

because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

This summary judgment proceeding is based on a motion under Federal Rule of Criminal Procedure 41(g), which permits a party to seek the return of his property seized by the Government. Decisions on Rule 41(g) motions are treated as "civil equitable proceedings" and "reviewed deferentially for abuse of discretion." *United States v. Pinson*, 88 F. App'x 939, 940 (7th Cir. 2004).

## II.
### STATEMENT OF FACTS

The facts stated below are not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light most favorable to "the party against whom the motion under consideration is made." *Premcor USA, Inc. v. Am. Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005).

On June 25, 2019, in a prior criminal proceeding, Mr. Irwin pled guilty to being a felon in possession of a firearm. [Filing No. 40 at 1 *in United States v. Keith Irwin*, No. 1:18-cr-00202-JRS-TAB ("the Criminal Case").] As part of the investigation against him, the Government had seized weapons and other contraband, seizing some of it for forfeiture and retaining the rest as evidence. [Filing No. 71-1 at 2.] On December 2, 2020, the Government destroyed the property it had retained as evidence. [Filing No. 71-3 at 4.]

On October 24, 2022, Mr. Irwin filed a Motion for Return of Seized Property under Federal Rule of Criminal Procedure 41(g). [Filing No. 60 in the Criminal Case.] The Court then directed the opening of this civil action. [Filing No. 66.] Mr. Irwin filed a Complaint and later an Amended Complaint, alleging that the Government wrongly destroyed his property that was not contraband. [Filing No. 43.] He states that the Government destroyed "approximately 23 totes and 4 cardboard boxes of collectable and rare firearms (parts)," which were not contraband and should have been returned after the Criminal Case concluded. [Filing No. 43 at 4.] He states that he was entitled to notice and an opportunity to prove that the property was not contraband. [Filing No. 43 at 3.] He seeks damages or the return of his property. [Filing No. 43 at 5.]

After proceedings adjudicating a prior motion to dismiss filed by the Government, the Court held that this case is not proceeding under the Federal Tort Claims Act or under *Bivens*. [Filing No. 56 at 2.] Rather, Mr. Irwin's "Rule 41(g) motion and claim for relief is properly proceeding in this civil action." [Filing No. 56 at 2.]

The Government has filed a Motion for Summary Judgment, [Filing No. 71.]

### III.
### DISCUSSION

The Government argues that the Court has already held that a claim under the Federal Tort Claims Act or *Bivens* may not proceed in this action. [Filing No. 72 at 5.] The Government states

3

that as a result, the only ground for relief is Federal Rule of Criminal Procedure 41(g), which "is the appropriate vehicle for seeking the return of property that was not forfeited." [Filing No. 72 at 6.] The Government argues that "if the [G]overnment no longer possesses the property, no relief is available under Rule 41(g)." [Filing No. 72 at 6.] The Government states that it no longer possesses Mr. Irwin's property because it was destroyed, and Rule 41(g) does not permit "monetary damages or compensation for the property" due to sovereign immunity. [Filing No. 72 at 7.] Therefore, the Government argues, Mr. Irwin is not entitled to any relief under Rule 41(g) and it is entitled to summary judgment. [Filing No. 72 at 7-8.]

Mr. Irwin argues that the Court has the "power to award damages" because otherwise the Government could "destroy jurisdiction by its own conduct," relying on authority from the Ninth Circuit. [Filing No. 77 at 5-6 (citing *United States v. Martinson*, 809 F.2d 1364 (9th Cir. 1987)).] He states that documentation of the destroyed property has conflicting dates and disputes the date the property was destroyed, relying on a statement from his prior counsel that the property was going to be retained. [Filing No. 77 at 4.] He avers that the Government "destroyed non-contraband property without any notice of impending destruction." [Filing No. 77 at 7.]

The Government replies that the "United States is immune from liability" because Rule 41(g) does not waive sovereign immunity. [Filing No. 78 at 2.] It states that Mr. Irwin's Ninth Circuit authority was itself overruled by the Ninth Circuit and disagreed with by other circuits. [Filing No. 78 at 2.] The Government reiterates that Rule 41(g) does not permit damages claims. [Filing No. 78 at 3-4.]

As the Court has previously ruled, this case is proceeding under Rule 41(g), which states as follows:

> Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41.

The Seventh Circuit has held that "the fact that the [G]overnment doesn't have [the plaintiff's property] is ordinarily a conclusive ground for denial of the motion." *Okoro v. Callaghan*, 324 F.3d 488, 491 (7th Cir. 2003). The parties agree that the Government does not have Mr. Irwin's property, so Rule 41(g) cannot require the Government to return that property to him. The only alternative would be damages for the destruction of Mr. Irwin's property, but in a "case in which property is . . . destroyed and the owner seeks money to compensate him for his loss," "[h]e is seeking damages, and a suit for damages is not authorized by Rule 41(g)." *Id.* So Mr. Irwin cannot seek damages against the Government for the destruction of his property.

Mr. Irwin relies upon the Ninth Circuit's decision in *United States v. Martinson*, 809 F.2d 1364 (9th Cir. 1987). But not only is that case out-of-circuit and thus not binding on this Court, the Seventh Circuit has explicitly rejected *Martinson* and concluded that *Martinson* was distinguishable and in any event does not properly show that Rule 41(g) authorizes damages because "[a] suit for restitution is subject to the defense of sovereign immunity when relief would require disbursement of money from the treasury." *Okoro*, 324 F.3d at 491. As to the allegedly conflicting dates in property-destruction documentation, Mr. Irwin is mistaken – December 2, 2020, is when the property was destroyed; November 4, 2022, is simply the date of a summary report documenting that the property had previously been retained for evidence. [Filing No. 71-2.] Finally, even if Rule 41(g) required the Government to provide notice before destroying

5

property retained as evidence – and the Court does not hold that the Rule does – Mr. Irwin would still be without a remedy because Rule 41(g) does not permit damages.

As a matter of law, Mr. Irwin is not entitled to relief under Rule 41(g). The Court **GRANTS** the Government's Motion for Summary Judgment. [Filing No. 71.]

## IV.
## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Government's Motion for Summary Judgment. [71.]

Final judgment shall issue accordingly.

Date: 6/2/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

KEITH IRWIN
16482-028
FORREST CITY - LOW FCI
FORREST CITY LOW FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 9000
FORREST CITY, AR 72336

Kelly Rota
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kelly.rota@usdoj.gov